Matter of Marney v City of Schenectady (2025 NY Slip Op 06770)

Matter of Marney v City of Schenectady

2025 NY Slip Op 06770

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-1264
[*1]In the Matter of Christopher C. Marney, Respondent,
v
City of Schenectady et al., Appellants.

Calendar Date:October 17, 2025

Before:Pritzker, J.P., Lynch, Fisher and Mackey, JJ.

Goldberg Segalla, Albany (Jonathan M. Bernstein of counsel), for appellants.
Christopher C. Marney, Schenectady, respondent pro se.

Mackey, J.
Appeal from an amended judgment of the Supreme Court (Michael Cuevas, J.), entered July 11, 2024 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to pay petitioner for sick leave accruals.
Petitioner was hired by respondent City of Schenectady as an assistant corporation counsel in December 2021, and he was later appointed Deputy Corporation Counsel in March 2023. Neither position was covered by a union contract. In January 2024, petitioner ended his employment with the City, at which point he contacted the City's personnel and benefits administrator seeking payment for his unused sick leave, among other benefits. In response, petitioner was informed that he would not be paid for his accrued sick leave, however, he refused to sign the City's corresponding end of employment payout calculation. Instead, petitioner maintained that he was entitled to payment of his sick leave accruals pursuant to Code of the City of Schenectady § 87-13 (A), which provides, in relevant part, that nonunion employees "shall be entitled to convert 75% of [their] unused sick leave up to a maximum accumulation of 240 days to cash, upon termination of [their] services as an employee with the City."
Meanwhile, Andrew B. Koldin, the former Corporation Counsel for the City, commenced a CPLR article 78 proceeding seeking to compel respondents to pay him his accrued sick leave pursuant to Code of the City of Schenectady § 87-13 following his termination of employment with the City. Supreme Court granted Koldin's petition, prompting petitioner to commence the instant CPLR article 78 proceeding to compel respondents to pay out his accrued sick leave, among other things. Supreme Court granted the underlying petition and directed the City to pay petitioner 75% of his accrued sick leave pursuant to Code of the City of Schenectady § 87-13 (A). Respondents appeal.
Our review of the record confirms that the underlying facts, issues and legal arguments on appeal in this case are essentially indistinguishable from those of the companion case involving the City's appeal from Supreme Court's grant of Koldin's petition. Accordingly, for the reasons stated in our decision in the companion appeal (Matter of Koldin v City of Schenectady, ___ AD3d ___ [3d Dept 2025] [decided herewith]), we find that Supreme Court properly directed respondents to pay petitioner 75% of his accrued sick leave pursuant to Code of the City of Schenectady § 87-13 (A). To the extent that certain of respondents' arguments are unique to petitioner in this case, they have been examined and found to be without merit.
Pritzker, J.P., Lynch and Fisher, JJ., concur.
ORDERED that the amended judgment is affirmed, without costs.